# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| CASE NUMBER | 02 C 6668 | DATE | 10/10/2003 |
| CASE TITLE | Townsend, et al. vs. Beyna, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court grants in part and denies in part Plaintiffs' motions in limine numbered 9-1, 9-3. Plaintiffs' motion in limine Number 9-2 is denied. The Court grants Defendants' motions in limine numbered 10-1, 10-2, 10-3, 10-5, 10-7, 10-11, 10-12, 10-13, 10-17, 10-18 and 10-19. The Court denies Defendants' motions in limine numbered 10-6 and 10-15. The Court denies Defendants' motion in limine Number 10-10 without prejudice. The Court grants in part and denies in part Defendants' motions in limine numbered 10-8, 10-9, 10-14 and 10-16. The Court reserves ruling on Defendants' motion in limine Number 10-4 until the time of trial. The parties bear the responsibility for informing their witnesses of this ruling, and admonishing them not to offer testimony on matters barred by the Court order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 10/10/2003 | |
| | | | date mailed notice | |
| DK | courtroom deputy's initials | Date/time received in central Clerk's Office | DK mailing deputy initials | |

| | |
|---|---|
| DIAHRIES TOWNSEND and <br> RAMANU PETERSON, <br><br> Plaintiffs, <br><br> v. <br><br> Chicago Police Officer T. BENYA, Star No. 7207, and G. PEHLKE, Star No. 8416, Individually, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 02 C 6668 <br> ) <br> ) Magistrate Judge Morton Denlow <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

DOCKETED
OCT 1 4 2003

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On April 4, 2002, Chicago Fire Department paramedics requested police assistance; a crowd of people had surrounded the ambulance and were rocking and threatening the vehicle. Defendants responded to the call and arrived on the scene. The subsequent events of the evening in question are contested by the parties.

Plaintiffs Diahries Townsend and Ramanu Peterson ("Plaintiffs") brought the instant law suit against Chicago Police Officers T. Beyna and G. Pehlke ("Defendants") pursuant to 42 U.S.C. § 1983. Plaintiffs assert Defendants (1) had no probable cause to arrest them and (2) physically abused them during the arrests. Defendants deny the allegations. The parties have completed discovery, have filed their final pretrial order and are preparing for



trial. This matter comes before the Court on motions *in limine* filed by the parties in preparation for trial. These motions were referred by the district judge for resolution. The Court conducted an oral argument on the motions on September 30, 2003.

## II. LEGAL STANDARD

District courts may rule on motions *in limine* pursuant to their authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). District judges have broad discretion in ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, evidence may be excluded only when inadmissible on all potential grounds. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Otherwise, rulings should be deferred to the time of trial to make possible the resolution of questions of relevancy, foundation, and potential prejudice. *Id.* A denied motion *in limine* does not automatically mean that all evidence contested in the motion will be admitted at trial. *Id.* at 1401. In fact, trial judges are free to alter previous *in limine* rulings, within the bounds of sound judicial discretion. *Luce*, 469 U.S. at 41-42.

## III. DISCUSSION

Plaintiffs have filed three motions *in limine*. Defendants dispute each of Plaintiffs' motions. Defendants have filed nineteen motions *in limine*. Plaintiffs have no objections to Defendants' motions numbered 1, 3, 5, 7, 11, 12, 13, 17, 18, and 19. The Court grants these

motions without objection. Defendants' motions numbered 2, 4, 6, 8, 9, 10, 14, 15, and 16 are in dispute.

For the following reasons, the Court grants in part and denies in part Plaintiffs' motions numbered 1 and 3, and denies Plaintiffs' motion Number 2. The Court grants Defendants' motion Number 2; denies Defendants' motions numbered 6 and 15; denies Defendants' motion Number 10 without prejudice; grants in part and denies in part Defendants' motions numbered 8, 9, 14, and 16; and reserves ruling on Defendants' motion Number 4 until the time of trial.

## A. Plaintiffs' motions *in limine*

### 1. Post incident information of probable cause

Plaintiffs contend evidence not known to Defendants at the time of Plaintiffs' arrest is inadmissible because it is not relevant to probable cause. On this basis, Plaintiffs argue the jury should not be allowed to hear testimony concerning Plaintiffs' actions prior to Defendants' arrival.

Evidence that people were rocking or threatening the ambulance is contextually relevant to the present case because Defendants arrived on the scene in response to the ambulance crew's distress call. *See Wilson v. Groaning*, 25 F.3d 581, 584 (7th Cir. 1984) (stating evidence relevant if necessary to aid jury understanding and to avoid a chronological void in the story). Specific evidence that Plaintiffs were involved in the rocking or threatening of the ambulance is inadmissible under Rule 402 because such evidence was not

3

known to Defendants at the time of Plaintiffs' arrest. *See United States v. Carillo*, 269 F.3d 761, 766 (7th Cir. 2001) (stating probable cause is determined using information known to officers at the time of arrest). However, if Plaintiffs deny any involvement in the incident, then Defendants' witnesses *may* offer testimony concerning Plaintiffs' prior behavior to attack their credibility. Thus, Plaintiffs' first motion is granted in part because evidence of Plaintiffs' actions prior to Defendants' arrival is inadmissible to prove the existence of probable cause; Defendants may not introduce such evidence in their case in chief. The motion is denied in part because (1) Defendants may introduce general context information in regard to the events leading up to the police call; and (2) if Plaintiffs bring up what they were doing prior to Defendants' arrival, Defendants can introduce specific evidence to contradict Plaintiffs or Plaintiffs' witnesses.

### 2. Testimony by six "previously unidentified" witnesses

Plaintiffs next urge the Court to bar testimony by six defense witnesses: Investigator Brian Killen, Detention Aide Tracy Williams, Officer Kenneth Maduzia, Technician A. Thomas, and the record keepers of the Chicago Police Department ("CPD") and the Office of Emergency Communications. Plaintiffs claim the witnesses were not identified during disclosure and therefore, should not be allowed to testify. *See* Fed. R. Civ. P. 26. In response, Defendants contend witnesses Killen, Williams, Maduzia, and Thomas were identified in Defendants' Rule 26 disclosure. Defendants also claim that both Plaintiffs testified to knowledge of these four witnesses in their depositions. The other two witnesses,

4

the record keepers, were named by Defendants in the Final Pretrial Order. They will be called for foundational purposes only.

The Court denies Plaintiffs' motion Number 2. The motion is denied with respect to Technician A. Thomas because the witness was sufficiently identified in Defendants' Rule 26 discovery. The Court also denies the motion in regard to the two record keeper witnesses because the parties are to eliminate the necessity for the testimony of these two witnesses by working out document foundation before trial. Finally, with respect to Investigator Killen, Detention Aide Williams, and Officer Maduzia, the Court denies the motion but orders Defendants to supplement their interrogatory responses by October 14. Defendants shall provide each witness's name as well as a brief description of the proposed areas of testimony. Plaintiffs may depose Killen, Williams and Maduzia prior to trial if Defendants plan to call them as witnesses.

### 3. Prior arrests or convictions of Plaintiffs or Plaintiffs' witnesses

Plaintiffs' final motion seeks to prevent Defendants from introducing testimony referring to any prior arrests or convictions of Plaintiffs. Defendants wish to admit both Plaintiffs' arrest records and Plaintiff Townsend's prior felony conviction. Defendants argue Plaintiff Townsend's 1996 felony conviction for possession of a controlled substance is admissible for impeachment under the Rules of Evidence, as long as the prejudicial effect of the evidence does not substantially outweigh its probative value. Fed. R. Evid. 609(a)(1) ("Rule 609"); Fed. R. Evid. 403 ("Rule 403").

Prior felony convictions are admissible to aid the jury in assessing witness credibility. Fed. R. Evid. 609(a); *United States v. Neely*, 980 F.2d 1074, 1080 (7th Cir. 1992). However, Defendants have not demonstrated that Plaintiff Townsend's controlled substance conviction is probative in the present case or relevant to Townsend's credibility. Therefore, the Court finds evidence of Plaintiff Townsend's prior conviction to have only slight probative value.

The Court next moves to the required Rule 403 balancing of the probative value and prejudicial effect of the prior conviction. The Court finds the danger that Plaintiff Townsend's prior conviction may cause unfair prejudice substantially outweighs any probative value the conviction offers. *Neely*, 980 F.2d at 1081 (citing *United States v. Robinson*, 956 F.2d 1388, 1397 (7th Cir. 1992)). Plaintiffs' motion Number 3 is granted in part in that evidence of the conviction may not be introduced at trial.

Defendants also assert Plaintiffs' arrest records are admissible as evidence of bias for impeachment purposes. The Court grants Plaintiffs' motion Number 3 in part in that Defendants may not bring up Plaintiffs' prior convictions in Defendants' case in chief. However, the motion is denied in part in that, if Plaintiffs argue they were uniquely embarrassed by the April 4, 2002, arrest, then Defendants may introduce Plaintiffs' numerous prior arrests to diminish the impact of the particular arrest in question.

## B. Defendants' motions *in limine*

### 2. Reference to indemnification of Defendants by City of Chicago

Defendants ask the Court to bar any comment regarding the indemnification of Defendants by the City of Chicago. Defendants claim the information is irrelevant to their liability and could lead the jury to award punitive damages because the City has "deep pockets." Defendants point to the similarity between the prejudicial effect of information concerning indemnification by the City and that of possession of insurance coverage, prohibited under Federal Rule of Evidence 411 ("Rule 411"). Rule 411 does not explicitly bar references to indemnification of Defendants, but Plaintiffs have failed to show why the indemnification of Defendants by the City of Chicago is sufficiently probative to justify admission into evidence. Therefore, the Court grants Defendants' motion Number 2 barring mention of the indemnification of Defendants by the City because the information is too prejudicial to survive the Rule 403 balancing test. *See Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, at *3 (N.D. Ill. Oct. 27, 1992). However, the issue may be revisited at trial to the extent that information of Defendants' finances must be considered in regard to punitive damages. In that event, a cautionary instruction should be given, informing the jury that Defendants' finances address punitive damages only.

### 4. Reference to related criminal charges brought against Plaintiffs

Defendants next urge the Court to bar any mention of the disposition of the criminal charges brought against Plaintiffs arising out of their arrest in this case. The disposition of

the criminal matter is not relevant to whether Defendants had probable cause to arrest Plaintiffs. *Cf. Serpico v. Menard, Inc.*, 927 F. Supp. 276, 280 (N.D. Ill. 1996) (explaining guilt of accused not relevant to probable cause). To avoid prejudice to Defendants, the jury should be informed that the outcome of the criminal proceeding is not relevant to whether Defendants had probable cause to arrest Plaintiffs. However, the jury should also be told the charges against Plaintiffs were dismissed, in order to avoid the possibility the jury may assume Plaintiffs were arrested and later found guilty. Pending the parties' agreement on a stipulation to be read to the jury, the Court reserves ruling on Defendants' motion *in limine* Number 2.

### 6. Suggestion of excessive force used against Plaintiffs, or injury caused Plaintiffs, by any City employee other than Defendants

Defendants next seek to prevent Plaintiffs from suggesting that any City of Chicago employee other than Defendants caused injury to, or used excessive force against Plaintiffs. Defendants assert they can not be held liable for the actions of another person, and, therefore, suggestions that other City employees injured Plaintiffs must be barred. Plaintiffs contend Defendants' motion should be denied because (1) other CPD officers were on the scene, (2) Plaintiffs were not always able to see by whom they were being beaten, and (3) Plaintiffs should be allowed to call witnesses to testify concerning the presence and actions of all police officers at the scene. The Court denies Defendants' motion *in limine* Number 6 in order to permit Plaintiffs to place the events giving rise to this claim in context. Defendants will be able to cross-examine Plaintiffs and Plaintiffs' witnesses as to what they saw

8

Defendants do to Plaintiffs. Limiting instructions, if necessary, will be permitted to make it clear Plaintiffs will only be allowed to recover for actions caused by the named defendants.

### 8. Reference to any medical condition other than subjective symptoms

Defendants also object to the admission of Plaintiffs' testimony regarding "any medical conditions, causation, diagnoses or prognoses" resulting from the April 4, 2002 incident. Defendants assert the following: (1) testimony other than subjective symptoms may only be given by an expert witness, and (2) Plaintiffs failed to disclose any expert witnesses.

Any testimony concerning medical conditions that would require medical expertise is barred by Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2) because Plaintiffs have failed to disclose any expert witnesses. However, any testimony by Plaintiffs regarding subjective symptoms including, but not limited to, pain from or the existence of bruises, cuts, and abrasions resulting from the beating is admissible because it does not require the knowledge of an expert witness. Fed. R. Evid. 701 (lay person testimony allowed if "rationally based on the perception of a witness"). Accordingly, Defendants' motion Number 8 is granted in part to the extent Plaintiffs attempt to bring in expert medical testimony, and denied in part to the extent Plaintiffs testify regarding their subjective symptoms and their own personal observations and experiences.

### 9. Reference to investigation by the Office of Professional Standards ("OPS")

Defendants also seek to bar any mention of the OPS investigation regarding the present case or any testimony by the OPS investigator, for reasons other than impeachment.

Plaintiffs object to the motion, arguing they should be able to introduce evidence concerning their contact with the OPS should Defendants suggest Plaintiffs failed to complain about being mistreated. Plaintiffs also intend to use statements made by Defendants to OPS Investigator Killen to impeach Defendants. Plaintiffs claim it will be necessary to mention the OPS investigation in order to put those statements in context. The Court grants Defendants' motion Number 9 to the extent that the OPS investigation may only be mentioned for context purposes. The Court denies Defendants' motion in its attempt to deprive Plaintiffs of their ability to make any mention of the OPS investigation. Defendants' concerns of jury prejudice arising from discussion of the OPS investigation may be alleviated by the trial judge's explanation that an OPS investigation may be triggered by a complaint from any citizen and does not constitute a finding of officer misconduct.

### 10. Reference to CPD regulations or directives and suggestions that Defendants or other CPD officers violated any such regulations

Defendants next move to bar evidence or testimony concerning CPD regulations and the suggestion that Defendants, or other CPD witnesses, may have broken such regulations in the present case. Knowing violation of police rules does not rise to the level of a constitutional violation. *Kraushaar v. Flanigan*, 45 F.3d 1040 (7th Cir. 1995). For this reason, Defendants argue that, for Plaintiffs' § 1983 claim, suggested violations of CPD directives by Defendants or CPD witnesses are inadmissible under Federal Rules of Evidence 401-403 because they are irrelevant, confusing, and prejudicial. However, Defendants' knowledge and state of mind are required elements of Plaintiffs' claims against Defendants.

*See Serpico*, 927 F. Supp. at 280. Thus, knowing violations of CPD regulations by Defendants are relevant to Plaintiffs' claims.

Furthermore, any possible prejudice to Defendants in the form of jury confusion between rules violations and constitutional violations may be avoided through explanatory jury instructions. *See, e.g., Charles v. Cotter*, 867 F. Supp. 648, 664 (N.D. Ill. 1994) (denying motion to bar evidence of CPD rules violations by defendants because jury instructions were sufficient to avoid confusion). *But see Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, at *4 (N.D. Ill. Oct. 27, 1992) (granting motion prohibiting introduction of evidence of police regulations and alleged violations of regulations due to confusion and prejudice concerns). Defendants' motion Number 10 is denied without prejudice to being raised again at trial.

### 14. Mention of a "code of silence" among police officers

Defendants ask the Court to find inadmissible testimony or evidence concerning a "code of silence" among police officers. Defendants argue such "code of silence" evidence relies on generalized assumptions that all police officers cover for other police officers. Defendants contend such evidence is nothing more than a general attack on the Chicago Police Department and must not be introduced to a jury. Plaintiffs respond that they must be allowed to attack the credibility of Defendants and Defendants' witnesses through questions concerning their unwillingness to testify concerning fellow police officers' wrongdoing.

11

Defendants' motion Number 14 is granted in part and denied in part. The motion is granted in that the phrase "code of silence" is unduly prejudicial and may not be used at trial. However, bias is nearly always relevant. *United States v. Abel*, 469 U.S. 45, 52 (1984). A party's and a witness's common group membership is probative of bias, even without proof that the party or the witness embrace the organization's tenets. *Id.* Accordingly, Defendants' motion is denied with respect to Plaintiffs' ability to argue the bias and prejudice of one police officer on behalf of a colleague in the same way any party may argue the bias of any witness in relationship to a plaintiff or defendant.

### 15. Mention of any medical treatment or bills not previously disclosed

Defendants also ask the Court to prohibit Plaintiffs from offering testimony or evidence of medical bills or treatment not previously disclosed. Defendants have received no medical bills from Plaintiffs, and Plaintiffs' treating hospital returned Defendants' subpoenas without any such bills. Plaintiffs claim they have requested the bills from the medical provider but have not received and do not currently possess the medical bills. Defendants offer no evidence Plaintiffs have possession or control over the bills in question. Defendants have also failed to demonstrate any harm would result from the admission of previously undisclosed medical bills. The Court denies Defendants' motion Number 15. To the extent Plaintiffs obtain any relevant medical bills, Plaintiffs may use those bills at trial after providing copies to Defendants.

### 16. Allegations of a "cover-up" effort by Defendants and other CPD officers

Finally, Defendants anticipate Plaintiffs will attempt to offer evidence of a conspiracy by Defendants or other CPD officers to falsify reports and give false testimony to OPS Investigator Killen in order to cover up the alleged false arrests or alleged excessive force. Defendants ask the Court to preclude introduction of this conspiracy evidence as irrelevant to Plaintiffs' claims and prejudicial to Defendants.

The Court grants in part and denies in part Defendants' motion Number 16. The motion is granted in that Plaintiffs are barred from using the unduly prejudicial terms "cover-up" and "conspiracy." However, the motion is denied in that Plaintiffs will be allowed to introduce evidence of false statements and reports made by Defendants or other police officers because such statements and reports would be admissible for impeachment.

### IV. CONCLUSION

For the reasons set forth above, **the Court grants in part and denies in part Plaintiffs' motions numbered 1 and 3 and denies Plaintiffs' motion Number 2. The Court grants Defendants' motions numbered 1-3, 5, 7; 11-13, and 17-19; denies Defendants' motions numbered 6 and 15; denies Defendants' motion Number 10 without prejudice; grants in part and denies in part Defendants' motions numbered 8, 9, 14, and 16; and reserves ruling on Defendants' motion Number 4 until the time of trial. The parties bear the responsibility for informing their witnesses of this ruling, and admonishing them not to offer testimony on matters barred by the Court's order.**

SO ORDERED THIS 10th DAY OF OCTOBER, 2003.

_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies mailed to:**

Garrett Browne
ED FOX & ASSOCIATES
134 North LaSalle Street, Suite 1908
Chicago, IL 60602

Counsel for Plaintiffs

Susan Sullivan
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, IL 60602

Counsel for Defendants